UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.

LISA DAYAN,

    Plaintiff,

v.

HOBBY LOBBY STORES, INC., a foreign Corporation, and BRYAN HERNANDEZ, as store manager,

    Defendants.

## NOTICE OF REMOVAL

Defendant, HOBBY LOBBY STORES, INC. (hereinafter "HOBBY LOBBY" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Palm Beach Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.  Plaintiff, LISA DAYAN ("Plaintiff"), commenced this civil action in the 15th Judicial Circuit Court in and for Palm Beach County, Florida styled LISA DAYAN v. HOBBY LOBBY STORES, INC., a foreign Corporation, and BRYAN HERNANDEZ, as store manager, Case Number 502021-CA-004298XXXXMB (the "Action"). Attached hereto as part of Exhibit "1" is a copy of said Complaint.

2. HOBBY LOBBY was served with the Complaint on or about April 22, 2021. Attached hereto as Exhibit "2" is a copy of the Summons and proof of service of the Complaint. Defendant BRYAN HERNANDEZ was served on April 23, 2021 and consents to this removal. No other real defendant exists or has been known to be served before said date or since. The materials served by Plaintiff only included a Summons and Complaint.

3. Undersigned counsel received a copy of said Complaint on or about April 27, 2021, and advised Plaintiff on or about May 5, 2021 of Defendant's intention to remove this action. Attached hereto as part of Exhibit "4" is Defendant's correspondence to Plaintiff's counsel dated May 5, 2021 providing notice of the intent to remove and the accompanying proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "4" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. On May 25, 2021, Plaintiff's counsel advised Defendant of his refusal to execute the Joint Stipulation of Alleged Damages.

4. On May 7, 2021, Plaintiff filed an Amended Complaint, naming HOBBY LOBBY and MR. HERNANDEZ as the only defendants in the case. Attached hereto as Exhibit "3" is a true and correct copy of the Amended Complaint.

5. Defendant did not have any documentation that supported the alleged amount in controversy exceeded $75,000.00, exclusive of interest and costs, when it received the Complaint or Amended Complaint, as neither the Complaint nor the Amended Complaint provided a basis for removal. 28 U.S.C. § 1446(b)(3); *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction

does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable).

6. Consequently, on May 27, 2021, Defendant served its Jurisdictional Request for Admissions to Plaintiff, seeking admissions as to the alleged amount in controversy. See true and correct copy of Defendant's Jurisdictional Request for Admissions to Plaintiff attached hereto as Exhibit "5".

7. On June 14, 2021, Plaintiff filed a Motion seeking an extension of time to respond to Defendant's Jurisdictional Request for Admissions until after Defendant filed an answer to Plaintiff's Amended Complaint. See true and correct copy of Plaintiff's Motion for Extension of Time to Respond to Jurisdictional Request for Admissions After Response to Answer to Complaint attached hereto as part of Exhibit "5". Then, on June 15, 2021, Plaintiff filed a Motion for Protective Order, requesting the Court protect Plaintiff from having to respond to Defendant's Jurisdictional Request for Admissions until Defendant filed an answer to the Amended Complaint. *See* true and correct copy of Plaintiff's Motion for Protective Order and Motion to Set Case Management Conference attached hereto as part of Exhibit "5". Notably, Plaintiff acknowledged that Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint, but claimed that "to properly respond to the Defendants' Jurisdictional Request for Admissions, it is necessary for Plaintiff to know whether Defendant will deny the allegations in Plaintiff's complaint with respect to causation and damages." *Id.*

8. Following a hearing on Plaintiff's Motion for Extension and Motion for Protective Order, the Court entered an Order requiring Plaintiff to respond to Defendant's Jurisdictional Request for Admissions by July 10, 2021. *See* true and correct copy of Order on Plaintiff's Motion

to Compel Answer to Second Amended Complaint and Motion for Extension of Time to Respond to Jurisdictional Request for Admissions after Response to Answer to Complaint and Motion for Protective Order and Motion to Set Case management Conference attached hereto as part of Exhibit "5". Plaintiff has not responded to Defendant's Jurisdictional request for Admissions to date.[1]

9. On July 8, 2021, Defendant for the first time obtained a copy of the Civil Cover Sheet submitted by Plaintiff to the Circuit Court. *See* true and correct copy of Civil Cover Sheet attached hereto as Exhibit "6". Notably, the Civil Cover Sheet was never served on Defendant and Defendant thus did not receive the Civil Cover Sheet prior to July 8, 2021.

10. The Civil Cover Sheet states that the "Amount of Claim" is "over $100,000.00." *Id*. The Civil Cover Sheet was the first paper in the matter from which it could be ascertained that the case is one which is or has become removable. Therefore, the time for removal did not begin to run until July 8, 2021.

11. While the Amended Complaint is highly vague and ambiguous, including failing to allege facts supporting why Defendant is being sued, this is an alleged personal injury case in which HOBBY LOBBY is alleged to have been negligent because of an unspecified injury Plaintiff purportedly sustained on August 25, 2020 while at an unspecified location of the large HOBBY LOBBY store located at 21759 State Road #7, Boca Raton, Florida. In short, the Amended Complaint alleges Plaintiff somehow slipped and fell "as a result of water that leaked from an air conditioner vent" while at the premises.[2] Subsequently, Plaintiff alleges a host of legal

---

[1] The matter was stayed on July 8, 2021, after Plaintiff attempted to proceed with a unilaterally set hearing which Defendant was unable to attend.

[2] See [D.E. 1-1, ¶ 10].

conclusions without supporting factual allegations, including where within the large premises the alleged incident occurred, what is meant by the claim that "water leaked from an air conditioning vent," what the presence of an undescribed "garbage pail" has to do with Plaintiff's claim, whether Plaintiff claims she fell over the garbage pail or some liquid on the floor, what condition Plaintiff claims Defendant knew or should have known of and what condition required warning, whether the purported condition was hidden or concealed, what "condensation traps" are and what they have to do with Plaintiff's claim, what area required marking off and why, or anything remotely specific about the alleged claim.

12. Most importantly, the Amended Complaint fraudulently joins current HOBBY LOBBY employee HERNANDEZ, an alleged Palm Beach County resident, in the sole effort to defeat diversity jurisdiction. Significantly, HERNANDEZ was not even the Manager of the HOBBY LOBBY store which is the subject of Plaintiff's Amended Complaint on the date stated therein. Moreover, HERNANDEZ's general employment responsibilities and duties as of the date stated in the Amended Complaint did not include repairing alleged defects or conditions to the air condition unit or vent at the premises, installing condensation traps on air conditioning vents at the premises, hiring air conditioning vendors to install condensation traps or to perform repairs to the air conditioning unit at the premises, or supervising the marking off of the area where Plaintiff claims she fell. Moreover, HERNDANDEZ had no personal knowledge of any purported water on the floor Plaintiff claims existed in the Amended Complaint prior to Plaintiff's alleged incident, and did not cause any water to arrive on the floor. *See* true and correct copy of Affidavit of Bryan Hernandez attached hereto as Exhibit "7". HERNANDEZ's status of employment with HOBBY LOBBY and general employment responsibilities and duties do not permit a finding of "active

negligence" against HERNANDEZ, individually, for an unspecified "water" from an air conditioning vent on the floor at the subject premises.

13. As a current employee of HOBBY LOBBY, HERNANDEZ cannot be held personally liable simply because of his general employee duties or administrative responsibility for performance of some function of his employment. Furthermore, HERNANDEZ cannot be held personally liable for a claim involving general employee duties HERNANDEZ did not even have, including those alleged by Plaintiff involving the water substance on the floor at a premises where HERNANDEZ was not the Manager as claimed, or personally responsible for maintaining on the date of the alleged incident.

14. The Amended Complaint does not allege personal (as opposed to technical or vicarious) fault by HERNANDEZ and he was clearly named as a litigation tactic to avoid removal. In fact, the allegations alleged against HERNANDEZ mirror the allegations made against HOBBY LOBY. That is, the Amended Complaint essentially substitutes the name "HERNANDEZ" for the name "HOBBY LOBBY" in the claims alleged against HERNANDEZ, despite HERNANDEZ not even being employed as the Manager of the subject store as claimed in the Amended Complaint. Thus, HERNANDEZ has no real/practical connection to this matter other than being named in an attempt to avoid removal of this matter to this Court and Plaintiff has no legitimate cause of action against him and he should be dismissed from suit with prejudice. See *Pritchard v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 18593 (M.D. Fla. 2009)(no evidence supporting negligence claims against employee; Court finds that there is no evidence to support a claim against employee as actively negligent, and as such, Court finds that employee Gunderjahn is fraudulently joined); See *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(when plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court; plaintiff is said to have effectuated a fraudulent joinder); See *Margaret Droessler v. Wyeth-Ayerst Laboratories*, 64 F.Supp.2d 1265 (S.D. Fla. 1999)(defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection to the controversy); See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 2001); See *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1407 (S.D. Fla. 2008)(Court may sever any claim against a party, including parties joined for the purpose of preventing removal to federal court; misjoinder will have the same effect as fraudulent joinder; plaintiff added slander claim against defendant Wilcox for the purpose of defeating federal jurisdiction. The slander claim against Defendant Wilcox is separate from the claims against corporate defendants and is not one for which Plaintiff seeks a joint judgment against the defendants); See *Valerio v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008) (denial of motion to remand); See *Masterson v. Apotex Corp.*, 21 Fla. L. Weekly Fed. D 545 (S.D. Fla. 2008) (The plain language of 28 U.S.C.S. § 1441(b) requires the resident defendant to be "properly joined and served" to defeat removal). Significantly, Plaintiff's Amended Complaint alleges the claims aginst HERNANDEZ are based on the allegation that HERNANDEZ was the Manager of the subject store, although HERNANDEZ was not the store Manager. Accordingly, Plaintiff's claim against HERNANDEZ fails on this basis alone.

15.   A defendant is fraudulently joined when either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into state court." S*tillwell v. Allstate Ins. Co.*, 663 F.3d 1329,1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). With respect to establishing causes of action against employees, "an officer or agent of a business may be held personally liable for a plaintiff's injuries only if he is actively

negligent, not simply because of his general administrative responsibility for performance of some function of his employment." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2 (M.D. Fla. Jul. 25, 2011); see also *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005) (an officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his or her employment – he or she must be actively negligent).  Here, Plaintiff's Amended Complaint does not allege any facts supporting that HERNANDEZ owed Plaintiff any duty, particularly considering HERNANDEZ was not even the Manager of the subject store as claimed, and that HERNANDEZ did not own or operate the subject premises. The Amended Complaint simply alleges that HERNANDEZ, "as manager of the store . . . undertook and owed the Plaintiff a duty to maintain their premises in a safe condition for patrons," "owed Plaintiff a dutyt o warn of known dangers," and "was negligent by himself, instructing or supervising proper maintenance to mark off the area so invitees would not walk near the garbage pail or water that was leaking from the vent," and "breached his duty to Plaintiff by failing to warn the Plaintiff of a known danger," "failing to maintain the premises in a condition reasonably safe for patrons," and failing "to mark off the area," although HERNANDEZ was not the Manager of the store, did not own the store, had no personal duty to maintain the property or to warn Plaintiff of the alleged condition, and did not know about any liquid on the floor or other dangerous condition or of a condition that required marking off, which precludes HERNANDEZ from being held personally liable for the claims alleged by Plaintiff.[3] Furthermore, as stated *supra,* HERNANDEZ was not employed as the Manager at the subject premises on the date stated in the Amended Complaint and was not responsible for repairing or maintaining the air conditioning unit or vent at the subject premises

---

[3] See Amended Complaint, paragraph 22-30.

on the date stated in the Amended Complaint, did not own, control or possess the premises on said date, and was not responsible for hiring contractors to repair the air conditioning vent or for placing condensation traps on the vent; he thus could not have contributed to Plaintiff's alleged fall, even in an administrative capacity. *See Accordino v. Wal-Mart Stores E., LP*, 2005 U.S, Dist. LEXIS 34328 (M.D. Fla. 2005); *Stephens v. PetSmart, Inc.,* 2009 U.S. Dist. LEXIS 107234 (M.D. Fla. 2009) (Denying a motion for permissive joinder where Plaintiff sought to join a store manager who was not present in the store at the time of the alleged incident and employee who was present but had no prior knowledge of the hazardous condition inside the store, as the joinder would be fraudulent because there was no possibility that a cause of action could be asserted against the manager and employee in their individual capacity).

16.     Here, there is no possibility that plaintiff can establish a cause of action against HERNANDEZ because he was not personally liable for Plaintiff's alleged incident, was not the Manager of the subject store, had no knowledge of any water on the floor at the time of or prior to Plaintiff's alleged fall, and had no responsibility relative to the maintenance or repair of the air conditioning vent that is the subject of Plaintiff's Amended Complaint, and was not actively negligent based on the facts alleged in the Amended Complaint. In *Stephens v. Petsmart, Inc.,* No. 8:09-cv-815-T-26TBM, 2009 WL 3674680 (M.D. Fla. Nov. 3, 2009), the court indicated: "In Florida, there is no recognized cause of action for an in absentia claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agent may be personally liable for negligence only if he or she participates in the tortious conduct." The *Stephens* court held that joinder of the store manager was fraudulent even though the store manager was at the store because "he had no knowledge of the dangerous condition and **did not participate in the incident**." *Id*. (**emphasis supplied**). Here, HERNANDEZ was not the Manager of the store and

did not participate in the alleged incident, did not know of the existence of any alleged water on the floor, was not responsible for the air conditioning vent or alleged condition, and certainly did not cause any purported liquid substance to be present as alleged. Plaintiff cannot establish active negligence or a connection on the part of HERNANDEZ to the subject incident. In fact, Plaintiff's Amended Complaint does not include a single factual allegation supporting active negligence on the part of HERNANDEZ and simply includes the same conclusory allegations that were alleged against HOBBY LOBBY. That is, the Amended Complaint simply alleges HERNANDEZ had the general duties attributed to HOBBY LOBBY and fails to allege any factual allegations identifying any improper or tortious conduct on the part of HERNANDEZ. "A defendant's right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Thomas,* No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2.

17. Defendant HOBBY LOBY seeks removal to the Southern District of Florida, Palm Beach Division, the District in which the action is now pending.

18. This Notice is filed within thirty (30) days of the date that HOBBY LOBBY first received a copy of Plaintiff's Civil Cover Sheet, and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

19. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

20. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 15th Judicial Circuit Court in and for Palm Beach County, Florida as required by law.

21. Attached hereto as Exhibit "7" to this Notice as Exhibits are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

22. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

23. The Amended Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff, if she prevails, are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, she sustained bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a pre-existing condition. Plaintiff further alleges she will suffer losses in the future.

24. Further, Plaintiff's Civil Cover Sheet claims the amount of damages is over $100,000.00.

25. Plaintiff's counsel also refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

26. Plaintiff is a citizen of Florida and the Defendant is a Oklahoma corporation whose principal place of business is located at 7701 S.W. 44th Street, Oklahoma City, Oklahoma. HOBBY LOBBY is therefore a citizen of the State of Oklahoma for purposes of diversity jurisdiction.

27. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendant who is a citizen of Oklahoma. Moreover, Mr. Hernandez was fraudulently joined to avoid removal. Accordingly, Defendant HOBBY LOBY respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq*., and 28 U.S.C. § 1441, *et seq*.

Respectfully submitted,

s/William A. Potucek
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

William A. Potucek
Fla. Bar No. 100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ William A. Potucek
William A. Potucek

## SERVICE LIST

CASE NO.

Scott Kimmel Esq.
Fla. Bar. No. 970761
Email: Scott@Kimmelpa.com
7301 West Palmetto Park Road
Suite 204-A
Boca Raton, FL 33433
*Counsel for Plaintiff*